**BAO ZHEN LIN, Petitioner,**

**v.**

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General John Ashcroft. Respondent.**

No. 02–4951.

United States Court of Appeals, Second Circuit.

June 1, 2005.

Yee Ling Poon, Jay Ho Lee, New York, NY, for Appellants.

Carl G. Eurenius, Assistant United States Attorney, Northern District of New York, Syracuse, NY, for Appellees.

Present: MINER, POOLER, Circuit Judges, and BLOCK, District Judge.*

* The Honorable Frederic Block of the Eastern District of New York, sitting by designation.

## SUMMARY ORDER

Bao Zhen Lin appeals from an order of the Board of Immigration Appeals affirming without opinion, and thereby rendering final, an order of an immigration judge directing Lin's removal from the United States after denying her application for asylum, withholding of removal, and relief under the Convention Against Torture. We assume the parties' familiarity with the facts, underlying proceedings, and specification of appellate issues, and hold as follows.

(1) Relying on *Qiu v. Ashcroft,* 329 F.3d 140 (2d Cir.2003), Lin argues that the immigration judge erroneously discredited her testimony that she was a Falun Gong practitioner based on the paucity of the detail she offered concerning Falun Gong practices. This argument fails for two reasons. First, the immigration judge reached no conclusion as to whether Qiu practiced Falun Gong. Second, we said in *Qiu* that an immigration judge faced with vague testimony "may fairly wonder whether the testimony is fabricated" and suggested that under such circumstances the immigration judge may wish to probe for further details. *Id.* In this case, the immigration judge did probe for further details and Lin was unable to supply any.

■ (2) The immigration judge (1) permissibly drew an inference that Lin claimed that police seeking to arrest her at her workplace had been deterred by a closed door and (2) correctly rejected this claim as implausible. *See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

■ (3) Although the record contains evidence that China persecutes and sometimes tortures Falun Gong adherents, the immigration judge permissibly found that Lin failed to establish past persecution on

the basis of her membership in Falun Gong. Absent credited evidence that the government knew of Lin's purported Falun Gong membership, there is no basis for arguing that Lin established that she had a well-founded fear of future persecution, *see* 8 U.S.C. § 1101(a)(42), that her life or freedom would be threatened on the basis of Falun Gong membership, *see* 8 U.S.C. § 1231(b)(3)(A), or that she would more likely than not be tortured if she returned to China, *see* 8 C.F.R. § 208.16(c).

(4) We have considered Lin's remaining contentions and found that they lack merit.

We therefore deny Lin's petition for review. The disposition of this appeal vacates the stay of removal previously entered.